# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEFFERY A. JACKS,**

        **Plaintiff,**

    v.                   CASE NO. 10-3088-SAC

**DR. (FNU) McINTOSH,**
**et al.,**

        **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by a former inmate of the Atchison County Jail, Atchison, Kansas. Plaintiff names as defendants Dr. McIntosh and Cpt. Wright, Atchison County Jail Staff, and claims denial of medical treatment from February 4, 2010 to March 24, 2010, for sleep apnea while he was confined at the jail. In support, he alleges that defendants ignored "Dr's orders" for him to use a "cpap" machine to help him breathe while sleeping. He further alleges this put his life in danger and caused stress to his heart and brain by depriving him of oxygen. He claims that as a result for 50 days he suffered pain and suffering, hypertension, stress, cruel and unusual punishment, and mental anguish.

At the outset, the court notes that although plaintiff has filed an Application to Proceed Without Prepayment of Fees, the information provided therein does not establish that he is unable to pay the filing fee of $350.00. 28 U.S.C. § 1915(a) authorizes commencement and prosecution of a civil action by a person unable to pay "without prepayment of fees and costs." Id. "Leave to proceed without prepayment of fees and costs is a privilege, not a right."

Treff v. Galetka, 74 F.3d 191, 197 (10th Cir.1996)(citations omitted). Plaintiff has not provided an affidavit detailing his assets[1]. Plaintiff acknowledges that he has cash, checking or savings accounts, but the "total amount" of those accounts is not legible. It could be as much as $1300, which indicates, without more, that plaintiff has funds available to pay the filing fee. Plaintiff will be given time to supplement his motion to proceed in forma pauperis with an affidavit that lists all his assets, their value including current balances in all accounts, and any other financial information relevant to his motion to proceed in forma pauperis.

Because plaintiff seeks to proceed in forma pauperis, the litigation process begins with the court screening his complaint. See Lister v. Department of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); Curiale v. Walker, 136 Fed.Appx. 139, at **1 (10th Cir. June 7, 2005, unpublished); McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)(In contrast to 28 U.S.C. § 1915A, § 1915(e) is not restricted to actions brought by prisoners); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)(Although in forma pauperis provisions in the PLRA were intended to cut down on prisoner lawsuits, § 1915(e) applies to all in forma pauperis complaints, no just those filed by prisoners.). 28 U.S.C. § 1915(e)(2)(B)(ii) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim upon which relief can be granted." Perkins v. Kansas Dept. of

---

[1] 28 U.S.C. § 1915(a)(1) provides that a federal court may authorize the commencement of a suit, without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees . . . ."

2

Corrections, 165 F.3d 803, 806 (10th Cir. 1999). Section 1915(e)(2)(B)(i) and (ii) require a court to dismiss a case filed by an in forma pauperis litigant at any time "the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." Merryfield v. Jordan, 584 F.3d 923, 926 FN3 (10th Cir. 2009). Under § 1915(e), the district court may screen the complaint prior to service on the defendants, and must dismiss the complaint at any time if it fails to state a claim.

Plaintiff does not specify any relief that he seeks. Any request for injunctive or declaratory relief against defendants is moot as he is no longer at the jail. Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997). He will be given time to supplement his complaint with a statement specifying what relief he seeks.

Plaintiff alleges that defendants subjected him to cruel and unusual punishment. The United States Supreme Court has ruled that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent failure to provide adequate medical care or a negligent diagnosis "fail[s] to establish the requisite culpable state of mind." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 297 (1991)). The prisoner's right is to

3

medical care-not to the type or scope of medical care he personally desires.  A simple difference of opinion between an inmate and jail medical staff regarding treatment or diagnosis does not itself state a constitutional violation, but constitutes, at most, a negligence malpractice claim[2].  Estelle, 429 U.S. at 106-07; Ledoux v. Davies, 961 F.2d 1536 (10th Cir. 1992).  Likewise, a delay in providing medical care does not violate the Eighth Amendment unless there has been deliberate indifference resulting in substantial harm.  Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).  Thus, in a situation where treatment was delayed rather than denied altogether, the inmate is required to allege facts showing he suffered "substantial harm" as a result of the delay.  Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001).

Mr. Jacks' conclusory allegations fail to show either that his medical needs were serious or that defendants acted with deliberate indifference to his medical needs.  Jennings v. Natrona County Detention Center, 175 F.3d 775, 781 (10th Cir. 1999).  In his Inmate Grievances attached to his complaint, plaintiff indicated he was issued a machine "many years ago from Board certified Dr's and Resportory (sic) therapist from VA KC," and that he was allowed to use the machine in September, 2009.  He does not allege that he presented defendants at the jail with a current prescription from a doctor diagnosing him with a serious sleep disorder and ordering that he be treated with the pcap machine.  Nor does he allege that he exhibited symptoms at the jail from which it was immediately apparent that he needed treatment.  His allegations that the machine

---

[2]  Negligence claims must be litigated in state court.

4

was necessary treatment during his jail confinement are thus conclusory rather than supported by facts.

Moreover, plaintiff also exhibits the responses to his grievances, which indicate his request for the machine was considered by medical staff and determined to be "a medical want and not a need". He was informed that if his situation or the "medical opinion changes" his request for the machine would be re-addressed. Thus, rather than deliberate indifference to serious medical needs, plaintiff's own exhibits indicate a decision was made by medical staff at the jail that the machine was not medically necessary at the time. Thus, plaintiff's allegations appear to amount to nothing more than his disagreement with medical staff as to what treatment he required.

Furthermore, the effect of the medical staff's decision was that plaintiff's treatment with the machine was delayed for up to 50 days[3]. Plaintiff makes conclusory allegations of danger, but alleges no facts showing substantial harm resulted from his not have the use of this machine for 50 days or less. Sealock v. Colorado, 218 F.3d at 1210 (citing Olson, 9 F.3d at 1477).

Plaintiff will be given time to show cause why this action should not be dismissed for failure to allege facts sufficient to state a claim of cruel and unusual punishment. If plaintiff fails to properly respond to this Order within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to supplement his motion to proceed in forma pauperis

---

[3] It is not clear from plaintiff's allegations when or if he actually obtained and provided medical records indicating the machine had been prescribed.

with sufficient financial information showing all his assets, including accounts, and their value; to supplement his complaint with a statement of what relief he seeks; and to show cause why this action should not be dismissed for failure to allege facts sufficient to state a claim of cruel and unusual punishment.

**IT IS SO ORDERED.**

Dated this 13th day of May, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge